UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL   JS-6

Case No.   5:23-cv-02133-HDV (SHKx)                                          Date: February 6, 2024

Title   *D. Roe v. Doe Corp. 1, et al.*

Present: The Honorable:   Hernán D. Vera, United States District Judge

| Wendy Hernandez | None. |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

| Attorney Present for Plaintiff: | Attorney Present for Defendant: |
|---|---|
| Paul A. Matiasic | Daniel Ip |

**Proceedings: ORDER GRANTING PLAINTIFF'S MOTION FOR REMAND [DKT. NO. 14]**

    Before the Court is Plaintiff D. Roe's Motion to Remand ("Motion"), filed on November 17, 2023 [Dkt. No. 14]. As discussed more fully below, the Court finds that Defendant Circle K. Store, Inc.'s notice of removal was filed in the Central District of California ***after*** the 30-day window imposed by 28 U.S.C. § 1446. Because a timely objection to the removal was made by Plaintiff, the removal timeline must be strictly construed and the Court has no authority to consider the reasons for the late filing. The Motion is granted.

***

    This action arises out of alleged sexual abuse of Plaintiff in 1980 when he was a minor. Plaintiff sued Defendant Circle K Stores, Inc. on various negligence theories, and filed the original complaint in Riverside Superior Court. Complaint [Dkt. No. 1-1].

    Defendant was served with the complaint on September 13, 2023. *Id.* On October 13, 2023—thirty days later—Defendant filed a notice of removal action in the United District Court for the Eastern District of California, rather than in the Central District of California (the proper district). [Dkt. No. 1-1]; *see* 28 U.S.C. § 1441(a) (a defendant may remove a proper action to "the district court of the United States for the district and division embracing the place where such action is pending"). This, it appears, was a clerical error on Defendant's part. [Dkt. No. 21 at 2]. When Defendant became aware of its mistake, it sought to remove the action to *this* Court on October 17, 2023, thirty-four days after service. [Dkt. No. 1-1].

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES – GENERAL

Case No.   5:23-cv-02133-HDV (SHKx)                                        Date: February 6, 2024

Title   *D. Roe v. Doe Corp. 1, et al.*

A defendant must ordinarily file an action for removal "within 30 days" of service of the pleadings or summons, whichever is shorter.  28 U.S.C. § 1446.  The Ninth Circuit has cautioned repeatedly that "the removal statute must be strictly construed against removal jurisdiction." *Prize Frize, Inc. v. Matrix (U.S.), Inc.,* 167 F.3d 1261, 1265 (9th Cir. 1999).  Thus, while the defect in Defendant's initial removal attempt may have been inadvertent, "remand of the present case became ***mandatory*** under section 1447(c) once the district court determined that [the] petition for removal was untimely." *Schmitt v. Ins. Co. of N. Am.*, 845 F.2d 1546, 1551 (9th Cir. 1988) (emphasis added), *superseded by statute on other grounds*, 28 U.S.C. § 1447(c).[1]

Defendant's attempt to save its untimely removal fails.  Defendant notes, correctly, that federal district courts have original jurisdiction over "all civil actions" between diverse parties "where the matter in controversy exceeds the sum or value of $75,000."  28 U.S.C. §§ 1332.  Defendant argues that, because Plaintiff's Complaint did not allege an "actual number" for the amount in controversy and instead relied on a "subjective determination," the Complaint "fell short of triggering the removal clock."  Opposition at 3–4 [Dkt. No. 21] (quoting *Kuxhausen v. BMW Financial Services NA LLC*, 707 F.3d 1136 (9th Cir. 2013)).  The general principle is correct.  Here, however, Defendant clearly based its assertion that the case was removeable on the Complaint's allegations.  Notice of Removal [Dkt. No. 1] at ¶¶ 3, 5, 7, 12 ("It has been the experience of counsel that the amount in controversy in cases alleging childhood abuse to be over $75,000. The face of the Complaint shows that three (3) law firms represent Plaintiff giving further indicia that the amount in controversy exceeds $75,000 … Based on the nature of the allegations including the Prayer for Relief requesting economic, non-economic, and treble damages the amount in controversy is over $75,000.").  There is no suggestion that Defendant undertook an investigation that revealed grounds for removal based on discovered facts.  If indeed removal was proper for the reasons Defendant itself claimed, the basis for an amount in controversy greater than $75,000 was obvious from the face of the Complaint.

---

[1] Defendant argues that the Court should excuse its late filing in the proper district because it timely filed in a sister district, citing cases for the proposition that this Court has the discretion to excuse the "trivial error."  Opposition at 5–6 [Dkt. No. 21].  The cases cited by Defendant do *not* concern the mandatory thirty-day removal window; instead, they deal with excusing noncompliance with local rules and, in the case of *Cocquyt v. Norfolk S. Corp.*, No. 3:22-CV-1022-RLM-MGG, 2023 WL 2446339 (N.D. Ind. Mar. 8, 2023), whether a district court had the discretion to transfer an action to the proper division within its district.  *Id.*  Defendant has identified no authority allowing a court to grant an *untimely* removal.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   5:23-cv-02133-HDV (SHKx)                                      Date: February 6, 2024

Title   D. Roe v. Doe Corp. 1, et al.

    In summary, because Defendant was properly on notice from the face of the Complaint that the case was removable, the 30-day clock began to run upon service. And because the corrected filing of the notice of removal with the Central District was untimely, remand is therefore mandatory.

    The Motion is *granted*, and the case is remanded to Riverside Superior Court.

    **IT IS SO ORDERED.**